ESCANDON, FERNICOLA, ANDERSON
COVELLI & McPHERSON
301 Main Street, Suite 3
Allenhurst, New Jersey 07711
(732) 663-1920
(732) 663-0011 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER COSTAS and SUSAN COSTAS (Per Quod)<br><br>     Plaintiff,<br><br>vs.<br><br>TRIFOLD, LLC, BATTEN INDUSTRIES, BOA, MICHAEL REZNIK, JOHN DOES 1-10 and ABC COMPANIES 1-10 (said names being fictitious)<br>Defendants. | DOCKET NO.<br><br><br>COMPLAINT AND JURY DEMAND |

## PARTIES

1. Plaintiff, Dr. Peter Costas is an American Doctor of Dentistry born on January 3, 1950 and is a resident of the United States and of the State of New Jersey, and is a resident of this judicial district, residing in Hillsborough, New Jersey 08844.

2. Upon information and belief, at all times herein, Defendant, Trifold, LLC is an American business registered in Ohio with headquarters located at 6601 Huntley Road, Columbus, Ohio 43229, and places products into the stream of commerce in New Jersey.

3. Upon information and belief, at all times herein, Defendant, Batten Industries, Inc., is a Canadian business registered in British Columbia, doing business in the United States, and places products into the stream of commerce in New Jersey.

4. Upon information and belief, at all times herein, Defendant, BOA is a wholly owned subsidiary of, associated with, and/or affiliated with Defendant Batten Industries, and places products into the stream of commerce in New Jersey.

5. Batten Industries, Inc possesses multiple patents with the United States Patent and Trademark Office for products that are places into the stream of commerce in the United States and New Jersey.

6. Upon information and belief, at all times herein, Defendant, Michael Reznik is a registered agent of Trifold, LLC and a resident of the United States and the State of Ohio.

7. Defendants John Does 1-10 are fictitious persons whose identities are unknown at the time of filing.

8. Defendants ABC Companies 1-10 are fictitious entities that are unknown at the time of filing.

## JURISDICTION AND VENUE

9. Jurisdiction is proper over this matter pursuant to Diversity Jurisdiction. Defendants are citizens of different states and/or entities registered and doing business in different states and damages exceed $75,000.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

11. On or about February 17, 2019, Plaintiff, Susan Costas, wife of Plaintiff, Peter Costas, purchased an "UpCart Stair Climbing Folding Cart & Hand Truck" (UpCart) and "The Great Bungee" (Great Bungee) from the UpCart website.

12. UpCart was promoted on the internet and other promotional materials to safely support and haul up to 200 pounds.

13. The Great Bungee was sold through the internet as an accessory to be used in conjunction with the UpCart.

14. Approximately two or three days after ordering the UpCart and Great Bungee, the products were received by the Costas's at their New Jersey home.

15. Dr. Costas used the UpCart and the Great Bungee to haul firewood into his home.

16. Dr. Costas placed the firewood into the UpCart and secured the wood with the Great Bungee by latching the end hooks to the cart and around the wood.

17. Dr. Costas used the UpCart and Great Bungee in this manner approximately two to three times prior to a catastrophic failure that occurred with the Great Bungee.

18. On or about March 13, 2019 around six o'clock in the morning, Dr. Costas was hauling firewood into his home when the plastic hook mechanism on the Great Bungee snapped causing the bungee strike Dr. Costas directly in the left eye causing significant damage and bleeding.

19. Dr. Costas immediately called his eye doctor, Dr. Paul Phillips, whose Associate, Dr. Jason Munitz advised him to go immediately to Wells Eye Hospital in Philadelphia, Pennsylvania.

20. When Dr. and Mrs. Costas arrived at Wells Hospital, Dr. Costas was treated by Dr. Feinman.

21. At approximately 10:00 p.m., the same day, Dr. Costas underwent emergency eye surgery at Wells Hospital.

## COUNT ONE
**Strict Liability Design Defect**

22. Plaintiff, Dr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

23. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) manufactured, sold, designed, distributed,

formulated, produced, created, packaged, labeled, constructed, marketed and/or advertised the Great Bungee and UpCart.

24. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) were under a duty to sell products, including the UpCart and Great Bungee, that are reasonably safe and suitable.

25. The design of Great Bungee by Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious), posed a significant risk of personal injury to consumers under ordinary conditions of use, e.g., using the bungee to secure objects to the UpCart.

26. Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) could reasonably foresee injuries to consumers from the design defect of the UpCart and Great Bungee, causing it to snap under ordinary conditions of use.

27. Pursuant to the Heavner v. Uniroyal, Inc, 63 NJ 130 (1970), Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) are strictly liable for the design defects of UpCart and the Great Bungee.

28. As a direct and proximate result of the defendant's defective design of the Great Bungee, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT TWO
### Negligent Design Defect

29. Plaintiff, Mr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

30. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) manufactured, sold, designed, distributed, formulated, produced, created, packaged, labeled, constructed, marketed and/or advertised the Great Bungee and UpCart.

31. The Great Bungee was negligently designed by Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious), and posed a significant risk of personal injury to consumers under ordinary conditions of use, e.g., using the Great Bungee to secure objects to the UpCart.

32. Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) could reasonably foresee injury to consumers due to the negligent design of the Great Bungee causing it to snap under ordinary conditions of use.

33. As a direct and proximate result of the Defendant's negligently defective design of the Great Bungee, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT THREE
### Strict Liability Manufacturing Defect

34. Plaintiff, Mr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

35. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) manufactured, sold, designed, distributed, formulated, produced, created, packaged, labeled, and/or constructed the UpCart and Great Bungee.

36. The manufacture of Great Bungee by Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious), deviated from the design specifications, formulae, or performance standards of the manufacturer or designer, or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

37. Pursuant to the Heavner v. Uniroyal, Inc, 63 NJ 130 (1970), Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) are strictly liable for the manufacturing defects of UpCart and the Great Bungee.

38. As a direct and proximate result of the defendant's defective manufacturing of the Great Bungee, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT FOUR
### Negligent Manufacturing Defect

39. Plaintiff, Mr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

40. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) manufactured, sold, designed, distributed, formulated, produced, created, packaged, labeled, and/or constructed the UpCart and Great Bungee.

41. Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious), negligently deviated from the design specifications, formulae, or performance standards of the manufacturer or designer, or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

42. As a direct and proximate result of the defendant's negligent defective manufacturing of the Great Bungee, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT FIVE
### Strict Liability Failure to Warn

43. Plaintiff, Mr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

44. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) manufactured, sold, designed, distributed,

formulated, produced, created, packaged, labeled, constructed, marketed and/or advertised the Great Bungee and UpCart.

45. The products UpCart and Great Bungee contained a hidden danger of snapping when used in conjunction with each other in the normal course of use.

46. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) failed to warn consumers, such as Plaintiff Peter Costas, of the hidden danger of snapping and causing personal injury.

47. Pursuant to the Heavner v. Uniroyal, Inc, 63 NJ 130 (1970), Defendants Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) are strictly liable for the manufacturing defects of UpCart and the Great Bungee.

48. As a direct and proximate result of the defendant's defective manufacture of the Great Bungee, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT SIX
### Negligent Failure to Warn

49. Plaintiff, Mr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

50. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) manufactured, sold, designed, distributed, formulated, produced, created, packaged, labeled, constructed, marketed and/or advertised the Great Bungee and UpCart.

51. The products UpCart and Great Bungee contained a hidden danger of snapping when used in conjunction with each other in the normal course of use.

52. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) negligently failed to warn consumers, such as Plaintiff Peter Costas, of the hidden danger of snapping and causing personal injury.

53. As a direct and proximate result of the defendant's defective manufacture of the Great Bungee, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT SEVEN
### N.J.S.A. 2A:58C-1 *et. seq.* (Products Liability Act)

54. Plaintiff, Mr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

55. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) manufactured, sold, designed, distributed, formulated, produced, created, packaged, labeled, constructed, marketed and/or advertised the Great Bungee and UpCart.

56. Defendants', Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) products UpCart and the Great Bungee caused Plaintiff personal physical injury, pain and suffering, mental anguish and/or emotional harm.

57. Pursuant to N.J.S.A. 2A:58C-1 *et. seq.*, Defendants' Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) are

liable to Plaintiff for violations of the New Jersey Product Liability Act and causing personal physical injury, pain and suffering, mental anguish and/or emotional harm as a result of the use of their products, UpCart and Great Bungee.

58. As a direct and proximate result of the defendant's violation of N.J.S.A. 2A:58C-1, *et. seq.*, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT EIGHT
### Negligence

59. Plaintiff, Mr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

60. Defendants, Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) negligently manufactured, sold, designed, distributed, formulated, produced, created, packaged, labeled, constructed, marketed and/or advertised the Great Bungee and UpCart.

61. As a direct and proximate result of the defendant's negligence, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT NINE
### Breach of Warranties

62. Plaintiff, Mr. Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

63. Prior to March 13, 2019, Defendants, , Trifold, LLC, Batten Industries, BOA, Michael Reznik, John Does 1-10 and ABC Companies 1-10 (said names being fictitious) knew the purpose for which the UpCart and Great Bungee were to be used and the Plaintiff was a foreseeable user of the products who relied upon the skill and judgment of the Defendants.

64. When Defendants placed the UpCart and Great Bungee into the stream of commerce in the State of New Jersey, it was expressly and/or impliedly warranted that the products and its components were reasonably fit, suitable and safe for the ordinary purposes for which they were to be used and that said products were of good and merchantable quality.

65. The Defendants breached the aforesaid warranties.

66. As a direct and proximate result of the defendant's breach of warranties, Plaintiff sustained severe and diverse personal injuries for which he has incurred loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of his normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

## COUNT TEN
### Per Quod

67. Plaintiffs, Peter Costas and Susan Costas, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

68. Plaintiff, Susan Costas, is the lawful wife of Plaintiff, Peter Costas

69. As a direct and proximate result of the injuries sustained by the Plaintiff, Peter Costas, his wife, Plaintiff Susan Costas, has sustained a loss of his services, society, consortium, and companionship.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.  Declare the acts complained of herein to be in violation of the Products Liability Act and other causes of action as stated above;

B.  Enter judgment against the Defendants and in favor of the Plaintiffs in an amount to be determined;

C.  Award compensatory damages to make Plaintiffs whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiffs have suffered or may suffer as a result of Defendants' improper conduct;

D.  Award compensatory damages to Plaintiff for past and present pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiffs have suffered and continue to suffer as a result of Defendants' products;

E.  Award Plaintiff pre-judgment and post-judgment interest;

F.  Award Plaintiff reasonable attorneys' fees, paralegal fees, expert witness fees and all costs, expenses and disbursements associated with pursuing this action; and

G.  Grant such other and further relief to Plaintiff as this Court may deem just, proper, or equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues as permitted by law.

Dated: March 10, 2021                               /s/ Robert M. Anderson

ROBERT M. ANDERSON

Escandon, Fernicola, Anderson,
Covelli & McPherson
Attorney for Plaintiff
301 Main Street, Suite 3
Allenhurst, New Jersey 07711